**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:20-CV-00127-JHM-HBB**

**STEVEN DAME**                                                                                 **PLAINTIFF**

**VS.**

**DAIMLER TRUCKS NORTH AMERICA, LLC**                      **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

Before the Court is the joint motion for entry of a protective order (DN 18). The proposed protective order was previously filed (DN 17). At paragraph 8 of the tendered agreed protective order, the parties would provide that:

> In the event that any discovery materials designated as subject to this Protective Order are included with, or the contents thereof are in any way disclosed in, any pleading, motion or other paper filed with the Clerk of this Court, such confidential document or information shall be kept confidential and under seal by the Clerk until further order of the Court. Upon good cause shown, the Court may order that the use of any such document or of information contained therein and any testimony associated with the confidential information contained therein shall be held *in camera*.

(DN 17 PageID 61 ¶8).

This provision is problematic as it runs afoul of Local Rule of Civil Practice 5.7.

> **LR 5.7**      **Filing Documents Under Seal**
>
> (a) **Presumption of public access.** Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule.

(b) **"Sealed Document" defined.** A "sealed document"' is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court. A sealed document or motion is not available electronically, or by any other means, to the parties, attorneys or the public.

(c) **Specific Authority or Motion Required; Protective Orders.** Absent a federal statute or federal rule of procedure, local rule, or standing order of this court. a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.

(d) **Electronic Filing Rules and Procedures.** All procedures for filing documents under seal, whether pursuant to this Rule or a federal statute or federal rule of procedure, are contained in the court's Amended Electronic Case filing Administrative Policies and Procedures, available from the Clerk's office on the following websites:

WDKY - http://www.kywd.uscourts.gov/
EDKY - http://www.kyed.uscourts.gov/

The tendered order would permit the parties to file a document under seal without first moving for leave to do so. While the tendered order contemplates "further orders of the Court," it does not address the filing of a motion. Moreover, the tendered order provides that, upon good cause shown, the Court may maintain protected documents "*in camera*" (DN 17 PageID 61 ¶8). "*In camera*" means "any activity that takes place in the privacy of the judge's chambers. By extension, the phrase describes a discussion, argument, or activity that occurs as a matter of official conduct but not in public." *In Camera*, BOUVIER LAW DICTIONARY (Desk ed. 2012). Maintaining a document "*in camera*" is not the same as maintaining a document under seal in the public record.

While the parties are free to propose any amended version of an agreed protective order, the Court has previously accepted orders with the following provision regarding the sealing of documents:

> Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts containing or reflecting Confidential Information with the Court or any appellate court, said party shall notify the party that has designated the information as Confidential Information and afford the designating party no less than 3 business days to file a joint motion for leave to seal, pursuant to LR 5.7 and applicable law. Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion.  Consistent with the requirements in LR 5.7(c), the motion for leave to seal must explain why "sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure."  The party seeking to file any said Confidential Information shall not oppose the motion, but shall have no further obligations under this Order, and the party seeking to file does not waive any rights under this Order.  Should the Court grant the motion, the Confidential Information shall be filed in a sealed envelope with a cover label bearing the caption of the action containing the following notice: TO BE FILED UNDER SEAL PURSUANT TO AGREED CONFIDENTIALITY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, CASE NO. _:__-cv-_____-___. And, any filings shall comply with LR 5.7(d) as well as the Court's Amended Electronic Case filing Administrative Policies and Procedures.  Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through such use.  All such Confidential Information so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto.  In the event that each designating party and any party seeking to use such Confidential Information at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Information, the matter shall be submitted to the Court.

## ORDER

**WHEREFORE**, the joint motion for entry of a protective order (DN 18) is **DENIED** with leave to refile.

*H. Brent Brennenstuhl* (signature)

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

January 6, 2021

Copies:   Counsel of Record